IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| HARLEYSVILLE-ATLANTIC INSURANCE COMPANY, <br><br> Plaintiff, <br> v. <br> CB CONTRACTORS, LLC; CAMBRIDGE BUILDERS & CONTRACTORS, LLC; THREE FOUNTAINS OF VIERA CONDOMINIUM ASSOCIATION INC., <br> Defendants. | CIVIL ACTION FILE <br><br> NO. 6:17-CV-258-ORL-28-GJK |

**HARLEYSVILLE-ATLANTIC INSURANCE COMPANY'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING DISCOVERY DISPUTES**

Harleysville-Atlantis Insurance Company ("Harleysville") hereby moves in limine to preclude any mention, argument, or reference to any discovery disputes that have occurred in this case in order to create a negative inference that certain documents or information are in Harleysville's possession but are being hidden from the jury's view. Specifically, Harleysville moves to exclude any mention, argument, or suggestion that the existence of a document in one

party's files should be taken as proof that such document was sent to or received by another party.

As explained below, evidence of or reference to such matters should be excluded under Rules 401 and 402 of the Federal Rules of Evidence as irrelevant to the narrow coverage question presented in this declaratory judgment action. Further, even if such evidence were found to be marginally relevant, the evidence should be excluded under Rule 403 of the Federal Rules of Evidence because any probative value would be substantially outweighed by the risk of unfair prejudice, confusion of the issues, or misleading of the jury. Accordingly, this motion should be granted.

## BACKGROUND

On May 24, 2013, Three Fountains filed suit in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Civil Action File Number 2013-CA-025678 (the "Underlying Action"), seeking to recover for alleged defects in a residential complex that was constructed in 2004 and 2005. Three Fountains sued Defendant CB Contractors, LLC ("CB Contractors") in the Underlying Action in its capacity as the general contractor on the project. On December 3, 2013, Three Fountains amended its Complaint to allege that Defendant Cambridge Builders, LLC ("Cambridge") is liable for

the construction defects as an alter ego and mere instrumentality of CB Contractors. Although Cambridge and CB Contractors are alleged to have performed other projects in Florida, none of those projects are at issue in the Underlying Action or this case.

Harleysville issued several CGL and Umbrella policies to Cambridge as the named insured. After the Underlying Action was filed, Harleysville agreed to provide a defense to Cambridge and CB Contractors under reservation of rights. Harleysville filed this declaratory judgment action to resolve a very narrow insurance coverage question: whether, and to what extent, it owes coverage to ***CB Contractors*** for the claims that Three Fountains asserted against ***CB Contractors*** in the Underlying Action.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Evidence of Other Construction Projects is Irrelevant, Prejudicial, and Could Confuse or Mislead the Jury**

Evidence is not admissible unless it is relevant, which means that the evidence must make the existence of any fact ***that is of consequence*** more or less probable. Fed. R. Evid. 401 and 402. Applied in the context of actions to determine insurance coverage obligations, evidence is irrelevant and inadmissible when it is unrelated to the facts that will ultimately dictate the existence (or nonexistence) of insurance coverage. See Thompson v. State Farm

Fire & Cas. Co., 34 F.3d 932, 940 (10th Cir. 1994) (affirmed district court's exclusion of evidence regarding the fire's point of origin as irrelevant to the issue of who set the fire, which was the only factual issue that needed to be resolved to determine whether the insured was entitled to coverage). Further, under Rule 403, even relevant evidence may be inadmissible if its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, or misleading the jury.

Here, Plaintiffs may attempt to present arguments concerning the parties discovery disputes, including Harleysville's alleged failure to produce certain documents. Such evidence is entirely irrelevant, prejudicial, and would be confusing to a jury. Discovery disputes are for the Court, not the jury, to resolve, and evidence of prior disputes between the parties may lead the jury to conclude that one side has tried to gain advantage by suppressing evidence. See Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co., LLC, Case No. 00-6410, 2003 WL 25666712 (S.D. Fla. May 19, 2003) (excluding any mention of discovery disputes, including signed declaration of party regarding document production, as prejudicial effect outweighed probative value); Hinkle v. Ford Motor Co., No. 3:11-24-DCR, 2012 U.S. Dist. LEXIS 130585, 2012 WL 4049477, at *6 (W.D. Ky. Sept. 13, 2012) (granting

motion in limine to exclude evidence of discovery disputes as irrelevant and prejudicial, and noting that such disputes are properly for the Court to resolve). In short, the jury should not be distressed with immaterial and highly prejudicial nuances of the discovery process.

More specifically, this Court should exclude any suggestion that the existence of a document in one party's files should be taken as proof that the document was sent to or received by another party. This request is prompted by the fact that non-party BB&T, the agent of Defendant Cambridge, produced several documents that were allegedly sent to Harleysville, but of which Harleysville has no record of receiving. Three Fountains should be precluded from making any argument regarding the discovery disputes related to the existence of these files, or any argument that the absence of these files in Harleysville's records should create a negative inference that such files were received and are being improperly withheld. Such arguments lack any foundation, are irrelevant, and would severely prejudice Harleysville by inviting the jury to believe that Harleysville is improperly withholding evidence.

## Conclusion

For the forgoing reasons, the Court should grant Harleysville's motion and exclude any evidence of or reference to discovery disputes or the absence of documents in any party's production.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), Counsel for Harleysville, in a good faith effort to resolve the issues raised by its Motion in Limine, conferred with counsel for Three Fountains by phone and electronic mail on June 14-15, 2018. Counsel for Three Fountains opposes the relief sought in this Motion in Limine.

Respectfully submitted this 15th day of June, 2018.

**FREEMAN MATHIS & GARY, LLP**

s/Jeremy W. Rogers
Jeremy W. Rogers
Florida Bar No. 0150551
2502 North Rocky Point Drive
Tampa, FL 33607
T: (813) 774-6363
jrogers@fmglaw.com

*Local Counsel for Plaintiff Harleysville-Atlantic Insurance Company*

- 7 -

        OF COUNSEL (admitted *Pro Hac Vice*):

        Philip W. Savrin
        Georgia Bar No. 627836
        psavrin@fmglaw.com
        Seth F. Kirby
        Georgia Bar No. 443367
        skirby@fmglaw.com
        FREEMAN MATHIS & GARY, LLP
        100 Galleria Parkway, Suite 1600
        Atlanta, Georgia 30339
        T: (770) 818-0000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **HARLEYSVILLE-ATLANTIC INSURANCE COMPANY'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING DISCOVERY DISPUTES** has been filed with the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record is as follows:

<div style="text-align:center">

Michael K. Wilson, P.A.
Jeremy Springhart, P.A.
Natalie Peters Chappel, Esq.
Broad and Cassel LLP
390 North Orange Avenue
Suite 1400
Orlando, FL 32801

</div>

This <u>15th</u> day of June, 2018.

<div style="margin-left:50%">

s/Jeremy W. Rogers
Jeremy W. Rogers
Florida Bar No. 0150551
FREEMAN MATHIS & GARY, LLP
2502 North Rocky Point Drive
Tampa, FL 33607
T: (813) 774-6363
jrogers@fmglaw.com

*Local Counsel for Plaintiff*
*Harleysville-Atlantic Insurance*
*Company*

</div>