IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARLEYSVILLE-ATLANTIC
INSURANCE COMPANY,

                              CASE NO.  6:17-CV-258-orl-28-GJK

      Plaintiff,

vs.

CB CONTRACTORS, LLC; CAMBRIDGE
BUILDERS & CONTRACTORS, LLC; THREE
FOUNTAINS OF VIERA CONDOMINIUM
ASSOCIATION, INC.,

      Defendants.

_____/

**DEFENDANT'S, THREE FOUNTAINS OF VIERA CONDOMINIUM
ASSOCIATION, INC., RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO
PRECLUDE EVIDENCE OR ARGUMENTS REGARDING DISCOVERY DISPUTES**

      Defendant, THREE FOUNTAINS OF VIERA CONDOMINIUM ASSOCIATION, INC.

("Three Fountains"), by and through its undersigned counsel, and pursuant to Local Rule 3.01(b),

files its Response in Opposition to the Motion in Limine to Preclude Evidence or Arguments

regarding Discovery Disputes filed by Plaintiff, HARLEYSVILLE-ATLANTIC INSURANCE

COMPANY ("Harleysville"), on June 15, 2018 [D.E. No. 87] (the "Motion")[1] and requests this

Court enter an Order denying the Motion:

**BRIEF FACTUAL & PROCEDURAL BACKGROUND**

      The underlying defect action giving rise to the instant coverage dispute arises from the

design, construction and subsequent conversion of the Three Fountains of Viera Condominiums

---

[1] While the Court's Case Management and Scheduling Order specifically states that "no party shall file more than one motion in limine," Harleysville has filed four separate motions. *See* D.E. Nos. 27II(J), 87-90. Undersigned counsel for Three Fountains does not want to knowingly violate the Court's Order, but submits it must do so in order to properly respond to each of Harleysville's four Motions in Limine as necessary to protect its client's interests.

located in Brevard County, Florida (the "Project") and the defects identified in the design and construction of the Project (the "Defect Litigation"). *See* D.E. No. 1 at ¶ 11. In May 2013, Three Fountains initiated the Defect Litigation against Defendant, CB CONTRACTORS, LLC ("CB Contractors"), one of the general contractors for the Project, and later filed its Amended Complaint also naming Defendant, CAMBRIDGE BUILDERS & CONTRACTORS, LLC ("Cambridge"), as alter ego of CB Contractors. *Id.* at Exhs. A, E. In February 2017, Harleysville initiated the instant declaratory judgment action, seeking to disclaim any duty or obligation to defend or indemnify CB Contractors in the Defect Litigation under the general liability policies issued by Harleysville (the "Harleysville Policies"), alleging CB Contractors was not an insured. *Id.*

In the course of discovery, Three Fountains identified numerous documents in the files of the agent who procured the Harleysville Policies, BB&T Insurance Services, Inc. ("BB&T"), including documents which confirmed Harleysville's knowledge of CB Contractors as related to Cambridge, the Project and as a named insured under the Harleysville Policies. *See* D.E. No. 79 at ¶¶ 7, 8. These documents include, but are not limited to the following: an October 2003 Commercial Policy Change Request from BB&T seeking to add CB Contractors as an insured to the existing Harleysville Policies, which was later reflected in Certificates of Insurance; a March 2005 letter from Cambridge providing Harleysville extensive information on various construction projects CB Contractors and Cambridge were completing in both Florida and Georgia, including the Project; and a July 26, 2005 Commercial Policy Change Request seeking to remove CB Contractors as an insured under the Harleysville Policies. *Id.*; *see also* D.E. No. 70 at ¶¶ 16, 22, 23. In this litigation, Harleysville has taken the position that these documents were never received by Harleysville. *See* D.E. No. 70 at ¶¶ 16, 22, 23.

Now, Harleysville's Motion seeks to preclude testimony or evidence of "discovery

4810-7678-3980.1
48665/0005

disputes," but upon further review of the relief sought in the Motion, Harleysville seeks to exclude "any suggestion that the existence of a document in one party's files should be taken as proof that the document was sent to or received by another party" or any kind of negative inference that such documents were in fact received by Harleysville. Harleysville's Motion must be denied.

## <u>MEMORANDUM OF LAW</u>

In its Motion, Harleysville attempts to categorize its position that numerous key documents to Three Fountains' defense in this action were "never received" qualifies as a discovery dispute which should be excluded from the jury at trial. However, the actual "dispute" is not that Three Fountains was required to move to compel to receive documents from Harleysville responsive to its First and Second Requests for Production, or obtained an Order from the Court directing them to do so, but that Harleysville cannot identify or otherwise produce documents from its files arguably sent to it by BB&T and which are in BB&T's files. *See* D.E. Nos. 47, 48, 66.

Due to this mischaracterization, Harleysville's reliance on *Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co.*, 2003 WL 25666712 (S.D. Fla. 2003), is misplaced. *See* Mot. at pg. 4. In *Special Purpose*, the defendants sought to exclude evidence related to a court order directing them to produce thirteen boxes of documents responsive to a request for production. *Id.* at *2. Three Fountains does not intend to raise the merits of its Motions to Compel or the Court's Order to the jury at trial. However, Three Fountains does intend to question Harleysville's representatives, or reiterate testimony from the designated depositions, regarding Harleysville's position that such key documents were never received by Harleysville and let the jury weigh the disputed evidence and make its own determination.

As further detailed in Three Fountains' Response in Opposition to Harleysville's Motion for Summary Judgment, it is the province of the jury to weigh the testimony of witnesses to make

4810-7678-3980.1
48665/0005

determinations of fact such as whether the Commercial Policy Change Requests were in fact submitted by BB&T and whether Harleysville can attempt to skirt liability by simply alleging it has no records evidencing receipt of the requests. *See Allen-Sherrod v. Henry Cty. Sch. Dist.*, 248 Fed. App'x 145, 147-48 (11th Cir. 2007) (citing *Lane v. Celotex Corp.*, 782 F.2d 1526, 1528 (11th Cir. 1986) ("a District Court must not resolve factual disputes by weighing conflicting evidence since it is the province of the jury to assess the probative value of the evidence…")); *see also Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980); D.E. No. 79 at § B. Harleysville is in no way entitled to a ruling to protect or benefit the position that it does not have any receipt of the key documents that are contained in BB&T's files.

As the moving party, Harleysville has the burden of demonstrating that such evidence is inadmissible on any relevant grounds and it has failed to do so. *See U.S. v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) ("In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds."); *see also Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 2001 WL 617521, at *1 (M.D. Ala. 2001). Furthermore, Three Fountains submits that at trial, the Court must have the discretion to provide information and evidence to the jury related to Harleysville's position that the documents are not in its files. *See, e.g.*, *Gonzalez v. Metro. Delivery Corp.*, 2012 WL 1600557, at *2 (S.D. Fla. 2012); *In re Mirabilis Ventures, Inc.,* 2011 WL 3236027, at *5 (M.D. Fla. 2011) ("admissibility questions should ordinarily be ruled upon as they arise at trial"); *In re Seroquel Prod. Liab. Lit.*, 2009 WL 223140, *1 (M.D. Fla. 2009) (finding that unless a motion in limine meets the high standard of highly prejudicial or inflammatory, motions in limine should be deferred until trial or should be denied); *Stewart v. Hooters of Am., Inc.*, 2007 WL 1752843, *1 (M.D. Fla. 2007) ("Motions in limine are disfavored; admissibility questions should be ruled upon

4810-7678-3980.1
48665/0005

as they arise at trial" because the questions of relevancy, foundation, and prejudice depend on developments at trial such as the arguments made and evidence introduced."); *Sperberg v. Goodyear Tire & Rubber Co*., 519 F.2d 708, 712 (6th Cir. 1975) (finding that orders in limine which exclude broad categories of evidence should rarely be employed; the better practice is to deal with questions of admissibility as they arise).

Insofar as Harleysville seeks to disclaim coverage to CB Contractors based on the October 2003 and July 2005 Commercial Policy Change Requests submitted by BB&T, and disputes whether these requests ever reached the correct desk for processing (similar to Mr. Ruskin's March 2005 correspondence to Harleysville), Three Fountains must be afforded the opportunity to provide the jury evidence that such records are in fact in BB&T's files. Harleysville cannot support any argument that such evidence would be prejudicial to Harleysville at trial, and Three Fountains submits Harleysville has likewise failed to meet its burden to exclude such relevant evidence. *See Mee Indus. v. Dow Chem. Co*., 2008 WL 874836, *1 (M.D. Fla. 2008) (finding that a motion in limine is only proper "where the evidence at issue is highly prejudicial or inflammatory"); *see also U.S. v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) (finding exclusion of relevant evidence due to the danger of unfair prejudice is an "extraordinary remedy which the district court should invoke sparingly" and "the balance should be struck in favor of admissibility"); *U.S. v. Sawyer*, 799 F.2d 1494, 1506 (11th Cir. 1986) (holding that Rule 403 should be applied sparingly to exclude relevant evidence in very limited circumstances and only when "unfair prejudice substantially" outweighs its probative value). As Harleysville has not been able to produce several key documents, Harleysville cannot now purport to allege that it is prejudiced by its own record position. Instead, Three Fountains submits such information is highly relevant, not prejudicial or inflammatory, and should not be excluded at trial.

4810-7678-3980.1
48665/0005

As a result, evidence surrounding Harleysville's position that the key documents are missing from its files is in fact relevant to this coverage action and will be relevant at trial. Accordingly, Three Fountains submits this Court must enter an Order denying Harleysville's Motion and permit any admissible evidence, testimony, argument, statements or comments regarding these missing documents.

## CONCLUSION

**WHEREFORE**, Defendant, THREE FOUNTAINS OF VIERA CONDOMINIUM ASSOCIATION, INC., respectfully requests this Honorable Court enter an Order denying the Motion in Limine to Preclude Evidence or Arguments regarding Discovery Disputes, filed by Plaintiff, HARLEYSVILLE-ATLANTIC INSURANCE COMPANY [D.E. No. 87], and granting any such further relief this Court deems just and proper.

Respectfully submitted this 29th day of June, 2018.

**BROAD AND CASSEL LLP**
*Counsel for Three Fountains of Viera*
*Condominium Association, Inc.*

*/s/ Michael K. Wilson*
**MICHAEL K. WILSON, P.A.**
Florida Bar No. 657069
mkwilson@broadandcassel.com
**JEREMY SPRINGHART, P.A.**
Florida Bar No. 506052
jspringhart@broadandcassel.com
**NATALIE P. CHAPPEL, ESQ.**
Florida Bar No. 70247
nchappel@broadandcassel.com
390 North Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone No. (407) 839-4200
cmurillo@broadandcassel.com
twilson@broadandcassel.com

6

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this <u>29th</u> day of June, 2018, I served a true and correct copy of the foregoing to the following via electronic mail:

| | |
|---|---|
| **Jeremy W. Rogers, Esq.** | **Philip W. Savrin, Esq.** |
| Freeman Mathis & Gary, LLP | **Seth F. Kirby, Esq.** |
| 8875 Hidden River Pkwy., Ste. 300 | Freeman Mathis & Gary, LLP |
| Tampa, Florida 33637 | 100 Galleria Parkway, Ste. 1600 |
| jrogers@fmglaw.com | Atlanta, Georgia 30339 |
| *Counsel for Plaintiff,* | psavrin@fmglaw.com |
| *Harleysville-Atlantic Insurance Co.* | skirby@fmglaw.com |
| | *Counsel for Plaintiff,* |
| | *Harleysville-Atlantic Insurance Co.* |

**BROAD AND CASSEL LLP**
*Counsel for Three Fountains of Viera
Condominium Association, Inc.*

*/s/ Michael K. Wilson*
**MICHAEL K. WILSON, P.A.**
Florida Bar No. 657069

4810-7678-3980.1
48665/0005